ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ROSA A. JIMÉNEZ GONZÁLEZ<br><br>Apelada<br><br>v.<br><br>ERASMO GONZÁLEZ REYES<br><br>Apelante | KLAN202500366 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2023RF000892<br><br>Sobre: Alimentos Excónyuges |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece Erasmo González Reyes ("señor González Reyes" o "Apelante") mediante *Apelación* y *Moción en Solicitud de Auxilio de Jurisdicción* y nos solicita que revoquemos la *Sentencia* emitida el 7 de junio de 2024 y notificada el 11 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Arecibo ("TPI"). Mediante el referido dictamen, el TPI dictó una sentencia en rebeldía en contra del Apelante y le impuso el pago de una pensión alimenticia a favor de su excónyuge, Rosa A. Jiménez González ("señora Jiménez González" o "Apelada").

Por los fundamentos que proceden, se *desestima* la *Apelación* y la *Moción en Solicitud de Auxilio de Jurisdicción*, por falta de jurisdicción, por tardíos.

## I.

El caso de marras tuvo su génesis procesal, el 2 de octubre de 2023, cuando la señora Jiménez González instó una *Moción Urgente Solicitando Pensión de Excónyuge* en contra del señor González Reyes. Posteriormente, a solicitud de la Apelada, el 8 de marzo de 2024, el foro de instancia le anotó la rebeldía al Apelante.

Tras la celebración del juicio en su fondo, el 10 de junio de 2024, el TPI dictaminó una *Sentencia,* mediante la cual le impuso al señor González Reyes el pago de $600.00 mensual, por concepto de pensión alimenticia, a favor de la señora Jiménez González. Ante el incumplimiento del Apelante con lo ordenado, el foro de instancia pautó una Vista de Desacato, a celebrarse el 9 de diciembre de 2024.

El 9 de diciembre de 2024, el Apelante compareció ante el TPI mediante una *Moción Asumiendo Representación Legal.* Ese mismo día, se celebró la Vista de Desacato, según calendarizada. Durante la misma, el señor González Reyes arguyó que la *Sentencia* no había advenido final y firme, toda vez que no había sido notificada adecuadamente. Como corolario, el 10 de diciembre de 2024, se celebró una Vista Evidenciaria, a los efectos de dilucidar si el dictamen se le había notificado al Apelante. Aquilatada la prueba presentada por las partes, el foro de instancia determinó que la *Sentencia* no había sido notificada conforme a derecho porque había faltado incluir el Formulario 1812. Así dispuesto, el 11 de marzo de 2025, la *Sentencia* fue notificada a las partes.

Insatisfecho, el 26 de marzo de 2025, el señor González Reyes presentó una *Moción en Solicitud de Reconsideración Sentencia de Alimentos Excónyuge.* La solicitud de reconsideración instada por el Apelante fue denegada mediante *Orden* dictada y notificada el 27 de marzo de 2025.

Inconforme aún, el 29 de abril de 2025, el señor González Reyes acudió ante esta Curia mediante *Apelación* y le imputó al foro de instancia la comisión de los siguientes errores:

**Erró y abusó de su discreción el Honorable Tribunal de Primera Instancia al no verificar si la Sentencia de divorcio fue debidamente notificada al apelante en rebeldía tal y como lo advirtió por orden de 2 de octubre de 2023; ya que al no notificarse adecuadamente tal y como ocurrió, el foro de instancia carece de jurisdicción sobre la materia.**

**Erró y abusó de su discreción el Honorable Tribunal de Primera Instancia al imponer una pensión excónyuge al apelante sin la evidencia suficiente en derecho de la capacidad del alimentante y la necesidad del alimentista como lo requiere el estado de derecho derivado del Art. 466 del Código Civil de 2020 y nuestro derecho procesal.**

> **Erró el Honorable Tribunal de Primera Instancia en su apreciación de la prueba testifical lo que le llevó a unas determinaciones de hechos y conclusiones de derecho erróneas en violación a lo que dispone la Regla 45 de Procedimiento Civil y su jurisprudencia interpretativa.**
>
> **Erró el Honorable Tribunal de Primera Instancia en la aplicación de la Regla 607(f) de Evidencia, al realizar un directo que subsanaba la ausencia de prueba por la parte apelada en lugar de limitarse a preguntas aclaratorias sobre prueba ya presentada como permite nuestro ordenamiento jurídico.**

Durante esa misma fecha, el Apelante presentó una *Moción en Solicitud de Auxilio de Jurisdicción*. En aras de ofrecer un despacho justo y eficiente del presente recurso, prescindimos del escrito oposición de la parte apelada según nos permite la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**II.**

**-A-**

En reiteradas ocasiones nuestra Máxima Curia ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. (Citas omitidas). Así, nuestro Tribunal Supremo ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018).

Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group*, Inc., supra.

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad

para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires*. *Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83., confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**-B-**

Como es sabido, "[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento". *Morán v. Marti*, 165 DPR 356 (2005). En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés*, 171 DPR 250 (2007), *Arriaga v. F.S.E.*, 145 DPR 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. *Morán v. Marti, supra.*

La Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13, regula el trámite de presentación y perfeccionamiento de los recursos de apelación. A esos efectos, la Regla 13 (A), *supra*, establece un término jurisdiccional de treinta (30) días para su presentación, contados desde el archivo en autos de la copia de la notificación de la sentencia emitida por el Tribunal de Primera Instancia.

En *García Ramis v. Serrallés, supra*, el Tribunal Supremo resolvió que los tribunales apelativos solo tenemos discreción para prorrogar un término

de cumplimiento estricto cuando la parte que lo solicita demuestra justa causa para la tardanza. Sobre la justa causa han expresado que:

> [...] no es con vaguedades, excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales. *Arriaga v. F.S.E.*, *supra*.

Además, "[a]legaciones como [...] que el incumplimiento fue "involuntario", que "no se debió a la falta de interés", que no hubo "menosprecio al proceso", o de que ahora "existe un firme propósito de enmienda", no constituyen justa causa". *Íd.*

Atinente a la controversia ante nos, el Tribunal Supremo de Puerto Rico ha reiterado que el pago del arancel de presentación es un requisito para el perfeccionamiento de cualquier recurso. *M-Care Compounding et al. v. Dpto. Salud,* 186 DPR 159, 174 (2012). Asimismo, nuestro ordenamiento dispone que un escrito judicial, al cual no se le han adherido los correspondientes sellos de rentas internas, es nulo e ineficaz. Véase, Sec. 5 de la *Ley de Aranceles de Puerto Rico, supra*; *Meléndez v. Levitt & Sons of PR, Inc.*, 106 DPR 437 (1977); *Maldonado v. Pichardo*, 104 DPR 778, 781 (1976).

**III.**

En el caso de marras, el término para acudir a este foro apelativo comenzó a transcurrir el 27 de marzo de 2025, a partir de la denegatoria de foro de instancia a la solicitud de reconsideración instada por el señor González Reyes. Conforme a lo anterior, el término para presentar su recurso de *Apelación* culminó el 28 de abril de 2025.

Ese mismo día, el Apelante presentó su *Apelación* y *Moción en Solicitud de Auxilio de Jurisdicción*. Consecuentemente, la Secretaría de este Tribunal emitió una *Certificación de Deficiencia en Arancel de Presentación*. En esta, se le apercibió a la parte apelante que faltaban $102.00 para completar los aranceles requeridos por ley para la presentación de los recursos. Dicho defecto fue subsanado el 29 de abril de 2025. Entiéndase,

un (1) día después del término de treinta (30) días que provee nuestro Reglamento para el perfeccionamiento de los recursos.

Para que el recurso de apelación quedara perfeccionado, el señor González Reyes debía presentar el pago de los aranceles correspondientes dentro del término jurisdiccional. Como es sabido, esta Curia carece de facultad para prorrogar un término jurisdiccional. Por consiguiente, la presentación tardía del recuso nos privó de jurisdicción para atenderlo.

**IV.**

Por los fundamentos que anteceden, se *desestima* la *Apelación* y la *Moción en Solicitud de Auxilio de Jurisdicción,* por falta de jurisdicción, por tardíos.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones